United States Bankruptcy Court
District of Colorado

In re:                                                              Case No. 18-20066-TBM
Terrence Dennis Burke                                               Chapter 7
          Debtor

## CERTIFICATE OF NOTICE

District/off: 1082-1          User: spressera          Page 1 of 1           Date Rcvd: Dec 04, 2018
                              Form ID: 219             Total Noticed: 3

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 06, 2018.
db             +Terrence Dennis Burke,    3775 Lowell Blvd,    Denver, CO 80211-2761
18195590       +City of Arvada,    8101 Ralston Road,    Arvada, CO 80002-2400
18195589       +City of Denver,    1437 Bannock Street,    Denver, CO 80202-5390

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
18195588      ##+Steven J. Pierce,    1660 Winona Court,    Denver, CO 80204-1145
                                                                                     TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 06, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 4, 2018 at the address(es) listed below:
              Jeffrey A. Weinman    jweinman@epitrustee.com,
               jweinman@ecf.epiqsystems.com;lkraai@ecf.courtdrive.com
              US Trustee   USTPRegion19.DV.ECF@usdoj.gov
                                                                                             TOTAL: 2
```

(COB #219 voDisml109h)(03/06)

# IN THE UNITED STATES BANKRUPTCY COURT
## District of Colorado,
HONORABLE Thomas B. McNamara

In re:

    Terrence Dennis Burke

Debtor(s)

Case No.:   18−20066−TBM
Chapter:    7

SSN/TID Nos.   xxx−xx−9185

## ORDER DISMISSING CASE WITHOUT PREJUDICE DUE TO INELIGIBILITY

THIS MATTER comes before the Court on its own review. The Court, having reviewed the documents filed by the Debtor(s) finds as follows:

1. The Debtor(s) did not receive credit counseling within 180 days before filing the bankruptcy petition as required by 11 U.S.C. § 109(h)(1).

2. The Debtor(s) are not eligible for a temporary waiver of the credit counseling requirement because the Debtor(s) did not file with their bankruptcy petition a certification that:

    a. the Debtor(s) tried to get counseling from an approved agency for at least a seven day period within 180 days before filing and the agency could not provide it; AND

    b. that there were exigent (emergency) circumstances that made it necessary for the Debtor(s) to file the bankruptcy case immediately as required by 11 U.S.C. § 109(h)(3) and Fed.R.Bankr.P 1007(b)(3).

3. The qualifications for a permanent waiver of the credit counseling requirements (inability of Debtor(s) "to complete those requirements because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4)) do not apply nor was a determination for such a waiver requested with the filing of the bankruptcy petition. Fed.R.Bankr.P 1007(b)(3).

Based upon those findings, the Court concludes that the Debtor(s) has/have not met the basic eligibility requirement to file an individual bankruptcy proceeding, no matter how serious the need and circumstances were that resulted in the Debtor(s) filing the bankruptcy petition; and, if applicable, since the Debtor(s) did not meet the requirements of 11 U.S.C. § 109(h)(3), it does not change the result even if the Debtor(s) obtained credit counseling after the case was filed. Therefore, the Court cannot grant any form of relief in this case. Accordingly, it is

ORDERED that this case is DISMISSED under 11 U.S.C. § 109(h) for ineligibility.

FURTHER ORDERED that this dismissal shall be WITHOUT PREJUDICE.

FURTHER ORDERED that the Clerk shall give notice of this dismissal pursuant to Fed.R.Bankr.P. 2002(f), utilizing whatever addresses may be available from the record.

Dated:  12/4/18

BY THE COURT:
s/ Thomas B. McNamara
United States Bankruptcy Judge